**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **LETTIE GUILLIAM,** )<br>      **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**ADULT PROTECTIVE SERVICES, et al.,** )<br>      **Defendants.** ) | **3:09-CV-0014-P** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an unspecified civil action brought by a *pro se* litigant.

Parties: Plaintiff resides in Dallas, Texas. Defendants are Adult Protective Services and the San Angelo State School. The court did not issue process in this case pending preliminary screening.

Statement of the Case: On January 5, 2009, Plaintiff filed a complaint alleging claims on behalf of her mentally ill daughter. Specifically, she claims that two employees at the San Angelo State School abused and neglected her daughter for allegedly wetting her bed. Guilliam further claims that the Department of Aging and Disability Services informed her that the two employees were fired, but that the Department of Adult Protective Services advised her that there was no abuse. She appears to request an investigation.

On January 8, 2009, the court issued a deficiency order to Plaintiff, notifying her that the complaint failed to comply with Rule 8(a), Federal Rules of Civil Procedure. The order directed

Plaintiff to cure the deficiency within thirty days and cautioned her that failure to comply with the order would result in a recommendation that the complaint be dismissed for failure to prosecute. As of this date, Plaintiff has failed to comply with the deficiency order.

On February 20, 2009, the court issued a questionnaire seeking information about the claims alleged in her complaint, and her standing to proceed on behalf of her adult daughter. The questionnaire, as did the deficiency order, advised Plaintiff that failure to answer the questionnaire would result in a recommendation that the complaint be dismissed for want of prosecution. As of the date of this recommendation, Plaintiff has failed to respond to the questionnaire.[1]

<u>Findings and Conclusions</u>: Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the

---

[1] Guilliam's disregard for the orders of the court in this case is consistent with a pattern followed in a recent, *pro se, in forma pauperis* filing in this court. *See Guilliam v. Methodist of Dallas, et al.*, 3:09cv0013-N (N.D. Tex. Mar. 30, 2009) (dismissed for want of prosecution for failure to comply with a deficiency order). Another previously filed action was dismissed in part for want of prosecution based upon Guilliam's failure to comply with orders of the court. *See Guilliam v. Derricks, et al.*, 3:04cv0964-G (N.D. Tex. Sep. 27, 2004) (dismissed in part for lack of jurisdiction and in part for want of prosecution for failing to file answers to the magistrate judge's questionnaire).

In her last action, the magistrate judge granted Guilliam *in forma pauperis* status and then recommended that her complaint be dismissed for lack of subject matter jurisdiction. *Guilliam v. Walmart Pharmacy*, 3:09cv0015-D (N.D. Tex. Mar. 13, 2009). As of today, Plaintiff has not filed objections to the recommendation and the matter remains pending before the District Court.

disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to submit an amended complaint in compliance with Rule 8(a), or to plead facts in response to the magistrate judge's questionnaire. She has refused or declined to do so.  Therefore, this action should be dismissed without prejudice for want of prosecution.  *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

Because Guilliam's original complaint does not allege dates on which the unnamed state school employees abused her daughter and she has failed to provide such information in answer to the magistrate judge's questionnaire, the court cannot determine whether a subsequently filed complaint might be subject to a limitations defense.  Nonetheless, dismissal of this action without prejudice is warranted under the circumstances presented.

If the statute of limitations bars re-prosecution of a suit dismissed under Rule 41(b) without prejudice, such as in the case at hand, the scope of the district court's discretion is narrower.  Where limitations "prevents or arguably may prevent" further litigation, the district court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).[2]

---

[2] When a plaintiff's action would be barred by the statute of limitations, a dismissal under Rule 41(b) is tantamount to a dismissal with prejudice.  *Berry*, 975 F.2d at 1191.

Guilliam has a clear record of delay and contumacious conduct. The court *twice warned* her in this action of the consequences of noncompliance. Moreover, as previously noted, she has a pattern of disregarding orders of this court. *See* Note 1 *supra*. She has used her impecunious state to bring actions without having to pay the $350.00 filing fee, while other civil litigants are required to pay.

In light of Guilliam's repeated failure to comply with the orders of this court, a lesser sanction would not prompt diligent prosecution. Accordingly, the District Court should exercise its discretion to dismiss this case under Rule 41(b) even if limitations may prevent further litigation of her claims.

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 2nd day of April, 2009.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.